UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 15-5555-RGK (PLA)                                             Date  July 28, 2015

Title:   Edward Rasberry v. State of California, and Prosecution

---

PRESENT:  THE HONORABLE   PAUL L. ABRAMS         ☐ U.S. DISTRICT JUDGE
                                                 ☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**            **ATTORNEYS PRESENT FOR RESPONDENT:**
              NONE                                              NONE

**PROCEEDINGS:**       ( IN CHAMBERS)

On July 22, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Petitioner is challenging his February 27, 2013, conviction by a Los Angeles County Superior Court jury for second degree robbery (Cal. Penal Code § 211), assault with a firearm (Cal. Penal Code § 243(a)(3)), and carjacking (Cal. Penal Code § 215), in case number BA389670. (Pet. at 2).

Petitioner raises one claim in the Petition, namely that the Supreme Court's decision in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 101 L. Ed. 2d 215 (1963), applies to his case because the State "withheld disclosure of evidence document, that sent [him] to (prison)." (Pet. at 3).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented *to the state supreme court* even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir.

1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Petitioner indicates that in his direct appeal to the California Court of Appeal he raised claims of insufficient evidence, trial court error, negative inference, and illegal witness. (Pet. at 5). Petitioner indicates that he raised the same claims in his petition for review to the California Supreme Court. (Id.). On November 17, 2014, the supreme court denied his petition. Petitioner also states that "a petition for writ of habeas corpus, was filed for review" (Pet. at 5), and attaches a June 19, 2015, order from the Los Angeles County Superior Court denying his petition for writ of habeas corpus. (Pet. Ex. A). In his petition for writ of habeas corpus to the Los Angeles County Superior Court, petitioner raised the following claims: the trial court committed error by permitting the introduction of a non-testifying witness' statement implicating petitioner at trial, trial counsel provided ineffective assistance by failing to object to that evidence, and petitioner's Fourth Amendment rights were violated by a warrantless police search. (Pet. Ex. A at 1). Based on the foregoing, it appears that petitioner has not exhausted his Brady claim in the California Supreme Court, and the Petition is fully unexhausted.[1]

Additionally, the Court observes that petitioner did not properly complete his Petition because he failed to provide a *signed* statement certifying under penalty of perjury that the information in the Petition is true and correct. (Pet. at 6). A petition for writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. Petitioner's failure to sign the Petition, by itself, warrants dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition.") (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition)). The clerk is directed to send plaintiff a copy of the unsigned signature page submitted with the Petition along with this Order.

Accordingly, **no later than August 17, 2015**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a fully unexhausted petition and/or as unverified. To avoid dismissal, **on or before August 17, 2015,** petitioner must (1) file proof with this Court that **his Brady claim has previously been presented to the California Supreme Court, by providing this Court with a complete copy of his state habeas petition raising that claim to the California Supreme Court**; and (2) return the signature page from petitioner's Petition, **signed and dated by petitioner**. Filing of these documents shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that the Petition be dismissed as fully unexhausted and/or unverified, and/or for failure to prosecute and follow Court orders**.

cc:    Edward Rasberry, pro se

Initials of Deputy Clerk ___ch___

---

[1] Additionally, petitioner is advised that **the filing of a petition for federal habeas corpus relief does not toll the AEDPA's statute of limitations**. Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).